IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**GREGORY K. CLINTON,**

        Plaintiff,

v.                                                                 **Civil Action No. 5:22-cv-241**
                                                                Judge Bailey

**SGT. S S CHUMLEY,** West Virginia State
Police Troop II,

        Defendant.

### MEMORANDUM OPINION AND ORDER

The plaintiff, Gregory K. Clinton, a federal prisoner, filed this action on October 3, 2022, against the above-named defendant pursuant to 42 U.S.C. § 1983. In addition, he filed an Application and Affidavit to Proceed without Prepayment of Fees ("*in forma pauperis*").

The Prison Litigation Reform Act (PLRA) of 1995 ("PLRA") provides that a sanction shall be imposed on those prisoners who file meritless lawsuits repeatedly. The sanction is that such prisoners lose the right to proceed without prepayment of fees and costs.

> In no event shall a prisoner bring a civil rights action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

1

28 U.S.C. § 1915(g); *see also*, **Ashley v. E. Dilworth**, CO-1, 147 F.3d 715 (8th Cir. 1998) ("Section 1915(g) denied the installment payment method to those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted ("three strikes")."). Consequently, "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies a prisoner leave to proceed *in forma pauperis* pursuant to the 3 strikes provision of 1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." **Dupree v. Palmer**, 284 Fed. 3d 1234, 1237 (11th Cir. 2002); *see also* **Finley v. Doe**, No. 5:07-CV-00807, 2008 WL 264-5472 (S.D. W. Va. June 30, 2008) (Johnson, J.).

The undersigned's review of cases filed by Mr. Clinton in this district indicates that at least three of the plaintiff's prior civil cases qualify as strikes under this provision. *See* **Clinton v. Stonewall Jackson Memorial Hospital**, Civil Action No. 2:08-CV-21 (N.D. W.Va. August 26, 2008) (Maxwell, J.) (dismissed with prejudice for failure to state a claim); **Clinton v. Kerbs et al**, Civil Action No. 5:21-CV-10 (N.D. W.Va. April 20, 2021) (Bailey, J.) (dismissed for failure to state a claim and as frivolous); **Clinton v. Niemeyer et al**, Civil Action No. 1:21-CV-16 (N.D. W.Va. September 28, 2021) (Kleeh, J.) (dismissed with prejudice as frivolous).

While the PLRA includes an exception to the section 1915 (g) filing restriction if the prisoner is under imminent danger of serious physical injury, that exception cannot apply in this case. The plaintiff does not allege that he is in imminent danger of serious physical injury. Instead, plaintiff alleges a conspiracy against his rights to illegally seize his personal property from a private residence; further, the Court notes that, although not

a model of clarity, the complaint appears to be referring to police actions taken in July of 2016, more than six years before he filed this case.

Accordingly, the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** and his Motion to proceed *in forma pauperis* [**Doc. 2**] is **DENIED**.

The Clerk is **DIRECTED** to mail a copy of this Order to the plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** October **19**, 2022.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE